UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TONI PERRIN ) | |
| ) | |
| Plaintiff, ) | Cause No. |
| ) | Illinois Circuit Court |
| vs. ) | Twentieth Judicial Circuit |
| ) | (St. Clair County) |
| DILLARD'S, INC. & DILLARD'S ) | Case No.: 16-L-0037 |
| STORE SERVICES, INC. ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1446(b)(3)

Defendants Dillard's, Inc. and Dillard's Store Services, Inc. ("Defendants") by and through their undersigned counsel, pursuant to 28 U.S.C. §1441 and 1446, hereby remove this case from the Circuit Court of St. Clair County, State of Illinois to the United States District Court for the Southern District of Illinois, on the following grounds:

### BACKGROUND

1. Toni Perrin filed her action on March 13, 2015 against Defendant Dillard's in an action styled *Toni Perrin v. Dillard's, Inc.*, Case Number 15-AR-245, in the Arbitration Division of the Circuit Court of St. Clair County, State of Illinois, seeking less than $50,000.

2. Plaintiff's Complaint pled damages "in an amount *less than Fifty Thousand Dollars ($50,000.00)*". (See Attachment 1, Complaint, pages 3 & 4)(emphasis added). Because the Complaint specifically pled an amount less than $75,000.00, the case was not initially removeable although the parties are diverse.

3. On January 21, 2016, the matter was transferred by Plaintiff from St. Clair County's Arbitration Division to the Law Docket. The matter was assigned a new case number, 16 L 0037.

4. 28 U.S.C. §1446(B)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper from which it may first be ascertained that the case is one which is or has become removable***." (emphasis ours).

5. On January 31, 2017, Defendants received an "other paper" from Plaintiff seeking damages in an amount greater than $75,000. (See Attachment 4). Up until January 31, 2017, Plaintiff had not amended her Complaint seeking "less than $50,000.00" or amended her answers to interrogatory swearing that she was seeking less than $50,000.

6. Thirty days from the service of the "other paper" is March 2, 2017. Accordingly, this Notice of Removal is timely.

## CITIZENSHIP OF PARTIES

7. Plaintiff is a citizen of the State of Illinois.

8. Defendant Dillard's, Inc. is a foreign corporation, having been incorporated in Delaware with its principal place of business in Arkansas.

9. Defendant Dillard's Store Services, Inc. is a foreign corporation, having been incorporated in Arizona with its principal place of business in Arizona.

## AMOUNT IN CONTROVERSY

10. Plaintiff Toni Perrin has alleged that as a direct and proximate result of the actions of defendants, she sustained injuries to various body parts, and prayed "for judgment and against defendant[s] in an amount ***less than Fifty Thousand Dollars ($50,000.00)***." (Attachment 1, Complaint, pages 3 & 4).

11. In August, 2015 Plaintiff swore under oath in response to an interrogatory that she was claiming *less than $50,000*. (Attachment 3, Interrogatory #14).

12. On December 9, 2015 the parties presented this matter to a 3 member arbitration panel, which unanimously found in favor of Defendant.

13. On January 21, 2016 the matter, on plaintiff's motion, was transferred to the Law Docket for St. Clair County, State of Illinois and a new case of 16 L 37 was commenced and assigned.

14. Plaintiff has never amended her Complaint where she requested an amount less than $50,000.00.

15. Plaintiff has never amended her answer to Interrogatory Number 14, where she swore she was seeking an amount less than $50,000, although Rule 213(i) of the Supreme Court of Illinois imposes a continuing duty to "seasonably supplement or amend any prior answer . . . ."

16. On January 31, 2017, some 22 months after the initial filing of the action and 1 year and 10 days after removing the matter to the Law Docket, Plaintiff made demand upon Defendant in an amount of $350,000. (see Attachment 4). Prior to January 31, 2017, Plaintiff never filed or served any amended pleading, motion, order or other paper indicating she was seeking any amount other than "less than $50,000."

17. 28 U.S.C. §1446(c) provides that "[a] case may not be removed under section (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action*." (emphasis added).

18. Plaintiff has, in bad faith, failed to amend pleadings that would have permitted Defendant to remove this matter within 1 year of commencement.

19. In <u>Hill v. Allianz Life Ins. Co. of North America</u>, the court was faced with similar facts. The issue was whether the plaintiff had, in bad faith, waited to amend his complaint until the 1 year bar had passed. There, plaintiff's petition sought an amount "less than $75,000.00" <u>Hill</u>, 51 F.Supp.3d 1277, 1282 (M.D.Fla. 2014). This "was an affirmative representation that federal jurisdiction did not exist. Defendant was entitled to rely on Plaintiff's assessment of his claim." <u>Id.</u> Three months after the 1 year bar passed, plaintiff amended her complaint and the defendant removed the action to federal court. The district court, in denying plaintiff's motion to remand, noted that "Plaintiff cannot simply lift his 'restriction' on damages once the window for removal closes. The 2011 amendments to §1446 were intended to stop just this sort of gamesmanship and forum shopping." <u>Id.</u> <u>See also</u>, <u>Saunders v. Wire Rope Corp.</u>, 777 F.Supp. 1281, 1284 (E.D.Va. 1991), ("Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive nonresident defendants of their legitimate entitlements to removal.").

20. If "the district court finds that the plaintiff **deliberately failed to disclose the actual amount in controversy to prevent removal**, that finding shall be deemed bad faith under paragraph (1)" of 28 U.S.C. §1446(c). (emphasis added).

### THE PREREQUISITES FOR REMOVAL ARE SATISFIED

21. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

22. Because this Court has jurisdiction of this matter and because defendant is not a citizen of Illinois, the action may be removed to this Court pursuant to 28 U.S.C. §1441(a).

23. A Notice of Filing Notice of Removal is being filed with the state court and served on Plaintiff's counsel.

WHEREFORE, Defendants respectfully request removal of Case Number 16 L 37, in the Circuit Court of St. Clair County, State of Illinois to this Court, that this Court accept jurisdiction of this action and that this action be placed upon the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Respectfully Submitted,

By: _____
David A. Dimmitt #6318919
2001 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 645-5367
(314) 645-5387 (Fax)
david@wkllc.com
Attorney for Defendant DILLARD'S, INC. and DILLARD'S STORE SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2017, Defendant's Notice of Removal was served upon counsel for Plaintiff by mailing same, first-class prepaid postage, to:

Lanny Darr
Darr Law Office
307 Henry Street, Suite 406
Alton, Illinois 62002
(618) 208-6828
(618) 433-8519 Fax
Attorney for Plaintiff

/s/ David A. Dimmitt