STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR

TONI PERRIN, )
)
    Plaintiff, )
)
vs. ) No. 15-AR-245
)
DILLARD'S STORE SERVICES, INC., and )
DILLARD'S, INC., )
)
    Defendants. )

FILED
ST CLAIR COUNTY
MAR 1 2 2015

## COMPLAINT

Plaintiff, Toni Perrin, through her counsel, Schrempf, Kelly, Napp & Darr, Ltd., and for her cause of action against defendants, Dillard's Store Services, Inc., and Dillard's, Inc., states as follows:

### COUNT I – DILLARD'S STORE SERVICES, INC.

1. That the plaintiff, Toni Perrin, (hereinafter "plaintiff") resides in the County of St. Clair, State of Illinois.

2. That al all relevant times herein mentioned, defendant, Dillard's Store Services, Inc., is a foreign corporation duly authorized and licensed to do business in the State of Illinois.

3. That at all relevant times herein mentioned, defendant owed, operated, leased, controlled and/or maintained a retail department store located at 275 St. Clair Square in the County of St. Clair, State of Illinois.

4. That on or about December 29, 2013, plaintiff was on defendant's premises, to shop in defendant's store.

1

5.  That at all times hereinafter mentioned the deeds, acts, omissions and knowledge attributed to the defendant were performed, omitted or known by the defendant by and through its agents, servants, and employees acting within the course and scope of their respective employment with the defendant.

6.  That on December 29, 2013, plaintiff slipped and fell on bodily fluid that is reasonably believed to have been vomitus deposited in the common area of the store.

7.  That at all times herein mentioned the defendant owed a duty to maintain its premises in a reasonably safe condition for the use of its customers.

8.  That defendant breached the aforementioned duty by one or more of the following acts or omissions:

   a. failed to clean or otherwise remove the vomitus from areas of the store utilized by the public; and/or

   b. Defendant failed to warn plaintiff and other customers of the dangerous condition; and/or

   c. Defendant failed to create and/or enforce suitable protocols, guidelines or procedures for the inspection and maintenance of the subject premises; and/or

   d. Defendant failed to conduct suitable surveillance of the subject premises so as to be able to identify and remove the dangerous conditions in a timely manner.

9.  That as a direct and proximate result of the negligence of this defendant, plaintiff was caused to slip and fall to the ground and then and thereafter suffered injuries to her back, right leg, buttocks, right knee, right hip, right hand, and the bones, joints, muscles, tendons, tissues, nerves, membranes, ligaments, and parts thereof were seriously bruised, contused, sprained, strained, and made painful. That plaintiff suffered fractures to her left shoulder and left arm, and that said injuries are serious,

painful and disabling and will continue to be so in the future. Plaintiff has incurred medical expenses in an amount *less than* Fifty Thousand Dollars ($50,000.00) and will incur additional medical expenses in the future. That plaintiff has incurred lost wages in an amount not yet determined.

WHEREFORE, plaintiff prays for judgment and against defendant in an amount less than Fifty Thousand Dollars ($50,000.00), plus costs of suit.

### COUNT II – DILLARD'S, INC.

1. That the plaintiff, Toni Perrin, (hereinafter "plaintiff") resides in the County of St. Clair, State of Illinois.

2. That al all relevant times herein mentioned, defendant, Dillard's, Inc., is a foreign corporation duly authorized and licensed to do business in the State of Illinois.

3. That at all relevant times herein mentioned, defendant owed, operated, leased, controlled and/or maintained a retail department store located at 275 St. Clair Square in the County of St. Clair, State of Illinois.

4. That on or about December 29, 2013, plaintiff was on defendant's premises, to shop in defendant's store.

5. That at all times hereinafter mentioned the deeds, acts, omissions and knowledge attributed to the defendant were performed, omitted or known by the defendant by and through its agents, servants, and employees acting within the course and scope of their respective employment with the defendant.

6. That on December 29, 2013, plaintiff slipped and fell on bodily fluid that is reasonably believed to have been vomitus deposited in the common area of the store.

7. That at all times herein mentioned the defendant owed a duty to maintain

its premises in a reasonably safe condition for the use of its customers.

8. That defendant breached the aforementioned duty by one or more of the following acts or omissions:

   a. failed to clean or otherwise remove the vomitus from areas of the store utilized by the public; and/or

   b. Defendant failed to warn plaintiff and other customers of the dangerous condition; and/or

   c. Defendant failed to create and/or enforced suitable protocols, guidelines or procedures for the inspection and maintenance of the subject premises; and/or

   d. Defendant failed to conduct suitable surveillance of the subject premises so as to be able to identify and remove the dangerous conditions in a timely manner.

9. That as a direct and proximate result of the negligence of this defendant, plaintiff was caused to slip and fall to the ground and then and thereafter suffered injuries to her back, right leg, buttocks, right knee, right hip, right hand, and the bones, joints, muscles, tendons, tissues, nerves, membranes, ligaments, and parts thereof were seriously bruised, contused, sprained, strained, and made painful. That plaintiff suffered fractures to her left shoulder and left arm, and that said injuries are serious, painful and disabling and will continue to be so in the future. Plaintiff has incurred medical expenses in an amount *less than* Fifty Thousand Dollars ($50,000.00) and will incur additional medical expenses in the future. That plaintiff has incurred lost wages in an amount not yet determined.

WHEREFORE, plaintiff prays for judgment and against defendant in an amount less than Fifty Thousand Dollars ($50,000.00), plus costs of suit.

Toni Perrin, Plaintiff

By: _____
Lanny Darr     (#06205283)
Schrempf, Kelly, Napp & Darr, Ltd.
307 Henry Street, Suite 415
P.O. Box 725
Alton, IL  62002
Phone:  (618) 465-2311
Fax:  (618) 465-2318

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY

Toni Perrin,                                )
                                            )
**Plaintiff**                               )   Case No. 15 AR 215
        Vs.                                 )
Dillard's Store Services, Inc.,             )
and Dillard's, Inc.                         )
                                            )
**Defendant**                               )

### THIS IS AN ARBITRATION CASE SUMMONS

To: each defendant:  Dillard's, Inc.

You are hereby summoned and required to appear before this Court at the St. Clair County Courthouse, 10 Public Square, Belleville, Illinois on _____4-14-15_____ at the hour of __8:30 A__ M., in Courtroom No. ___402___ to answer the complaint of the plaintiff(s) a copy of which is hereto attached. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

RETURN: This summons may not be served later than three (3) days before the date of appearance.

WITNESS:   Clerk of the 20th Judicial Circuit Court and the seal thereof at Belleville, Illinois

Dated _____  3/13/15

_Kahalah Clay_
Clerk of the 20TH Judicial Circuit

### NOTICE TO PLAINTIFF

IF YOU FAIL TO APPEAR ON THE DATE SET FOR RETURN SHOWN ABOVE, THE CASE WILL BE DISMISSED FOR WANT OF PROSECUTION.

**IF THIS SUIT INVOLVES A CLAIM IN TORT, SUPREME COURT RULE 222 DISCLOSURE STATEMENT MUST BE ATTACHED TO THE COMPALINT.**

| | | |
|---|---|---|
| **Name:** | Lanny Darr | **To the Officer:** This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees if any, immediately after service and not less than three days before the date of appearance. If service cannot be made, this summons shall be returned to endorsed |
| **Address:** | 307 Henry Street | |
| **City:** | Alton, IL  62002 | |
| **Phone:** | 618-465-2311 | |

**NOTICE TO PLAINTIFF OR PLAINTIFF'S ATTORNEY:** When preparing the above SUMMONS, the return date, which will be neither less than 21 nor more then 40 days after the date of the issuance of summons, will be set by the Clerk of the Court at the time of filing the Complaint.

NOTE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

**CLERK OF THE 20TH JUDICIAL CIRCUIT COURT
BELLEVILLE, ILLINOIS 62220**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY

Toni Perrin, )
)
**Plaintiff** )  Case No. 15 AR 245
Vs. )
)
Dillard's Store Services, Inc., )
Dillard's, Inc. )
)
**Defendant** )

**THIS IS AN ARBITRATION CASE SUMMONS**

To: each defendant: Dillard's Store Services, Inc.

You are hereby summoned and required to appear before this Court at the St. Clair County Courthouse, 10 Public Square, Belleville, Illinois on __4-14-15__ at the hour of __8:30 A__ M., in Courtroom No. __402__ to answer the complaint of the plaintiff(s) a copy of which is hereto attached. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

RETURN: This summons may not be served later than three (3) days before the date of appearance.

WITNESS:   Clerk of the 20th Judicial Circuit Court and the seal thereof at Belleville, Illinois

Dated __3/13/15__

_____
Clerk of the 20th Judicial Circuit

**NOTICE TO PLAINTIFF**

IF YOU FAIL TO APPEAR ON THE DATE SET FOR RETURN SHOWN ABOVE, THE CASE WILL BE DISMISSED FOR WANT OF PROSECUTION.

IF THIS SUIT INVOLVES A CLAIM IN TORT, SUPREME COURT RULE 222 DISCLOSURE STATEMENT MUST BE ATTACHED TO THE COMPALINT.

| | | |
|---|---|---|
| **Name:** | Lanny Darr | **To the Officer:** |
| | | This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees if any, immediately after service and not less than three days before the date of appearance. If service cannot be made, this summons shall be returned to endorsed |
| **Address:** | 307 Henry Street | |
| **City:** | Alton, IL  62002 | |
| **Phone:** | 618-465-2311 | |

**NOTICE TO PLAINTIFF OR PLAINTIFF'S ATTORNEY:** When preparing the above SUMMONS, the return date, which will be neither less than 21 nor more then 40 days after the date of the issuance of summons, will be set by the Clerk of the Court at the time of filing the Complaint.

NOTE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

**CLERK OF THE 20TH JUDICIAL CIRCUIT COURT
BELLEVILLE, ILLINOIS 62220**