# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TONI PERRIN,**

    **Plaintiff,**

v.                                No. 3:17-cv-00201-DRH-DGW

**DILLARD'S INC., and**
**DILLARD'S STORE**
**SERVICES, INC.,**

    **Defendants.**

## ORDER

**HERNDON, District Judge:**

Pending before the Court is plaintiff's motion to remand (Doc. 5) pursuant to 28 U.S.C. § 1447. Defendant opposes (Doc. 8). Based on the following, the motion to remand is **DENIED**.

## I. BACKGROUND

### A. Complaint and Removal

In March 2015, plaintiff Toni Perrin ("Perrin") filed a personal injury complaint as an arbitration proceeding in the Circuit Court of the Twentieth Judicial Circuit of St. Clair County, Illinois, naming defendants Dillard's Inc. and Dillard's Store Services, Inc. ("defendants") (Doc. 1-1).[1] Perrin alleged that on December 29, 2013, while shopping at defendants' store she slipped and fell on vomit, suffering multiple debilitating injuries. As relevant, the complaint stated

---

[1] *See* ILCS S. CT. RULE 86(b) (civil action is subject to mandatory arbitration if each claim is for money in amount or value not in excess of monetary limit authorized by Supreme Court for that circuit).

"[p]laintiff has incurred medical expenses in an amount *less than* Fifty Thousand Dollars ($50,000.00) and will incur additional medical expenses in the future. That plaintiff has incurred lost wages in an amount not yet determined" (*Id.* at 3).[2] Perrin asserted breach of duty to maintain reasonably safe premises and requested relief in the amount of $50,000.00 plus costs (*Id.*).

On February 23, 2017, the complaint was removed to this Court asserting initial non-removability—although diversity of citizenship was alleged—because the amount in controversy was less than $50,000.00 and, under 28 U.S.C. § 1446(b)(3), notice of removal may be filed within 30 days once defendants discovered the case became removable (*Id.* at 2). In support, defendants alleged receiving a letter from Perrin's attorney (Doc. 1-4) dated January 31, 2017 conveying a demand of $350,000.00 in restitution; and, up until receiving said demand, Perrin had not amended her complaint to reflect seeking damages in excess of the initial $50,000.00 requested relief (Doc. 1 at 2). Defendants contend Perrin failed to amend her initial complaint *in bad faith* in order to prevent removal within one-year of commencement as stipulated by section 1446(c) (*Id.* at 3).

**B. Motion to Remand**

Perrin argues improper removal due to defendants' delayed motion; and moreover, points to lack of presentation of facts which would toll the statutory

---

[2] *See* IL R 20 CIR Civil Actions(c) ("All civil actions will be subject to Mandatory Arbitration on all claims exclusively for money in an amount exceeding $5,000.00 but not exceeding $50,000.00 exclusive of interest and costs. The civil actions shall be assigned to the Arbitration Calendar of the Circuit Court of the Twentieth Judicial Circuit at the time of initial case filing with the Clerk of the Circuit Court, St. Clair County, Illinois."

one-year time period under section 1446(c)(1) (Doc. 5). Perrin proclaims defendants' removal was attempted after her case was pending in Illinois State court for more than one year, and more than thirty days after defendants knew the amount in controversy exceeded $75,000.00 (*Id.* at 1).

Specifically, she alleges that in April 2015, defendants received a summons and complaint describing—what was believed to be at the time—a soft tissue back injury claim seeking less than $50,000.00 in relief (*Id.*). On December 9, 2015, arbitration proceedings were conducted where Perrin testified back surgery may be beneficial to her injuries (*Id.* at 2).[3] Perrin subsequently filed a motion to transfer her case to the State court law docket on December 16, 2015 (*Id.* at 7). As relevant, the motion stated:

> 1. The parties recently submitted to arbitration. Simultaneously herewith, plaintiff rejected the arbitration award and paid the rejection fee.
>
> 2. That due to recent opinions of plaintiff's treating physician it appears that plaintiff's damages will exceed the jurisdictional amount of the arbitration docket.
>
> 3. That plaintiff seeks to transfer this proceeding to the law docket and fully engage in discovery.
>
> 4. That no party will be prejudiced by the relief sought herein.

(*Id.*). The motion was granted and the case was transferred to the law docket on January 21, 2016 (*Id.* at 2). Additionally, a copy of corroborating medical records was served on defendants January 14, 2016 (*Id.* at 2, 5). As a result,

---

[3] Perrin stated that she learned through her orthopedist, Dr. Thomas Lee, her symptoms were caused by herniated discs at L5-S1, L4-5, and L3-4; and she would benefit from back surgery (Doc. 5 at 2).

Perrin argues defendants knew or should have known the amount in controversy would exceed the $75,000.00 jurisdictional requirement once she testified in the December 9th arbitration proceeding (*Id.* at 2).

Perrin affirms providing defendants certified notice of increased damage claims by presenting the following:

- January, 14, 2016: medical records (*Id.* at 10).
- March 9, 2016: medical records (*Id.* at 11).
- December 5, 2016: medical records (*Id.* at 12).
- February 15, 2017: medical records from two different doctors (*Id.* at 13).

In response, defendants assert, inter alia, their Notice of Removal was timely filed as stipulated under section 1446(b)(3), and furthermore purport Perrin deliberately concealed facts within the first year of litigation which would have established her claim would exceed $75,000.00 (Doc. 8). As a result, defendants claim violation of Rule 213(i) of the Illinois Supreme Court Rules because Perrin failed to amend her complaint upon determining the claim would be in excess of $75,000.00 (*Id.* at 4).

## II. LEGAL STANDARD
### A. 28 U.S.C. § 1441

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [.]" 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating removal is proper, and removal statues are strictly construed, resolving all doubts in plaintiff's choice of state court forum. *See Morris v. Nuzzo*, 718 F.3d 660, 668

(7th Cir. 2013) (citing *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009)).

### B. 28 U.S. C. § 1446

In addition to satisfying jurisdictional requirements, defendants seeking removal must also satisfy procedural and timing requirements under section 1446(b). Timing requirements necessitate a notice of removal to be filed within 30-days of service of the initial pleading containing a removable cause of action. *See* § 1446(b)(1). If the initial pleading is not removable, the notice of removal must be filed within 30-days after defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). A case may not be removed on the ground of diversity jurisdiction more than 1-year after commencement of an action unless a plaintiff acted in bad faith to prevent removal. *See* § 1446(c)(1).

When the jurisdictional amount in controversy is uncontested, courts generally "accept the plaintiff's good faith allegation of the amount in controversy unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). However, "[a] plaintiff is required to supply 'competent proof' of the amount in controversy if the 'jurisdictional facts are challenged by his adversary in any appropriate manner.'" *Enbridge Pipelines (Illinois) L.L.C. v. Moore*, 633 F.3d 602, 605 (7th Cir. 2011) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

### C. ILCS S. Ct. Rule 213(i)

Rule 213 requirements regard written interrogatories, and under subsection (i) "[a] party has a duty to seasonably supplement or amend any prior answer or response whenever new or additional information subsequently becomes known to that party." Rule 213(i). "Supreme Court Rule 213(i) imposes on each party a continuing duty to inform the opponent of new or additional information whenever such information becomes known to the party." *Sullivan v. Edward Hosp.*, 209 Ill.2d 100, 109, 806 N.E. 2d 645, 641 (2004). It is designed to give parties "a degree of certainty and predictability," thereby eliminating "trial by ambush." *See White v. Garlock Sealing Tech., LLC*, 373 Ill.App.3d 308, 869 N.E.2d 244, 257 (2007). "Rule 213 disclosure requirements are mandatory and subject to strict compliance by the parties." *Id*. (citing *Seef v. Ingalls Mem'l Hosp.*, 311 Ill.App.3d 7, 21, 724 N.E.2d 115 (1999)).

### III. ANALYSIS

Deciding this issue turns on whether the "bad faith" exception pursuant to § 1446(c)(1) applies. More specifically, whether—at some point prior to the January 31, 2017 demand letter—Perrin presented defendants with more than a theoretical availability of damages in excess of $75,000.00, s*ee McMillian*, 567 F.3d at 844; and if so, did she have a duty to supplement discovery responses in compliance with ILCS S. Ct. Rule 213(i).

In order to determine whether the "bad faith" exception applies, the Court will look to whether defendants could have figured out the severity of Perrin's

injuries, i.e. ruptured lumbar discs, before the 1-year time limitation stipulated by § 1446(c)(1).

The "commencement of the action"[4] took place when the initial complaint was filed in St. Clair County Circuit Court on March 12, 2015, s*ee* § 1446(c)(1), and the amount in controversy was "less than Fifty Thousand Dollars ($50,000.00) plus costs of suit." *See* § 1446(c)(2) (monetary sum demanded in good faith at initial pleading is deemed amount in controversy). Defendants were originally prohibited from removing the case on the sole ground that the demand did not transcend the district court's jurisdictional amount in controversy of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) (district court has original jurisdiction over all civil actions where amount in controversy exceeds $75,000.00 and is between citizens of different States). Defendants were further required to file a notice of removal within 30-days of receiving, inter alia, "other papers" which establish the case became removable.[5] *See* § 1446(b)(3).

On August 31, 2015, defendants were served with "other papers," i.e., Perrin's Answer's to Defendant's First Set of Interrogatories, which included the following, as relevant:

10. <u>INJURIES</u>

State the parts of plaintiff's body, if any, injured in the incident mentioned in the Complaint.

---

[4] *See* 735 ILCS 5/2-201 (under Illinois law, an action commences by the filing of a complaint).

[5] *See* § 1446(c)(3)(A) (explaining information relating to amount in controversy in record of State proceeding or in responses to discovery are treated as "other paper").

ANSWER: **Plaintiff fell on her right side including her hand, back, hip, thigh and leg. Traumatized sciatic nerve in right leg, numbness and continuous throbbing of right foot.**

14. AMOUNT CLAIMED

What dollar amount of damages is plaintiff seeking as compensation for his/her injuries for each count of your complaint?

ANSWER: **Plaintiff's suit was filed in AR Division which is for claims of $50,000.00 or less.**

The Court notes that Perrin's answers—under oath—in response to the interrogatory did not place defendants on notice that her claim would amount to more than $75,000.00, and therefore did not initiate the 30-day clock. *See* § 1446(b)(3).

**1. No Establishment of "Competent Proof"**

Perrin points to the overall absence of "bad faith," and argues that even if she engaged in "bad faith," defendants were nevertheless required to remove the case within 30-days of receiving medical records and deposition testimony which she maintains put defendants on notice of sustained damages well in excess of $75,000.00. To prevail, she must prove "jurisdictional facts [of amount in controversy] by a preponderance of the evidence." *McMillian*, 567 F.3d at 844.

Typically, the face of a plaintiff's complaint indicates the claim's value in requested relief; however the Court "may look outside the pleadings to other evidence of jurisdictional amount in the record." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997) (court is limited to

examining evidence of amount in controversy available at moment removal motion was filed).  As such, Perrin relies on the following evidence in attempt to prove, to a reasonable probability, defendants knew or should have known the jurisdictional amount of $75,000.00 was alleged prior to the filing of defendants' notice of removal:

**1. Motion to Transfer to Law Docket served on defendants December 16, 2015.**

The Court agrees that defendants were put on notice *regarding an increase in damages exceeding "the jurisdictional amount of the arbitration docket."* However, under the local rules for the Circuit Court for the Twentieth Judicial Circuit

> All civil actions will be subject to Mandatory Arbitration on all claims exclusively for money in an amount exceeding $5,000.00 but not exceeding $50,000.00 exclusive of interest and costs.  The civil actions shall be assigned to the Arbitration Calendar of the Circuit Court of the Twentieth Judicial Circuit at the time of initial case filing with the Clerk of the Circuit Court, St. Clair County, Illinois.

IL R 20 CIR Civil Actions(c).  According to the local rule, an amount in controversy which exceeds the arbitration docket *is any amount "exceeding $50,000.00."  See id.* (emphasis added).  Certainly, cases are removed here routinely with ad damnum clauses that simply request amounts in excess of $50,000.00 which are not remanded, but they are accompanied by damage allegations which adequately establish the jurisdictional amount *plus* they do not have the history of this case which clearly caused the defendants to be lulled into

believing the jurisdictional amount had not been met even with the motion to transfer.  Had the motion to transfer been accompanied with an update in discovery a contrary conclusion may result. Accordingly, Perrin's Motion to Transfer to Law Docket does not constitute, by a preponderance of evidence, "competent proof" of a jurisdictional fact.  See *McMillian*, 567 F.3d at 844.

**2. Dr. Thomas K. Lee's Progress Note from a November 23, 2016 doctor's visit—received from Tesson Heights Orthopaedics and Arthroscopics, served on defendants January 14, 2016.**

Plaintiff's arguments to the contrary about the medical records in this case, nothing contained in the November 23, 2016 Progress Note indicated Dr. Lee affirmatively concluded back surgery was necessary.  In fact, the Note indicated "epidural steroids were effective" in relieving her pain; she experienced no acute distress, good range of lumbosacral spine motion, and normal gait.  Most importantly, Dr. Lee's plan for treatment stated "[s]he will in all llklhood [sic] require additional [Epidural Steroid Injections], 6 [Epidural Steroid Injections] over the next 2 years is a reasonable estimate in my opinion."  Therefore, the Court disagrees with the assertion that defendants were put on notice, and as a result the aforementioned Progress Note does not serve as "competent proof."  See *id*.

**3. Various Disarranged Medical Reports and Records served on defendants January 14, 2016; March 9, 2016; December 5, 2016; and February 15, 2017.[6]**

Radiology Report from December 30, 2013 Exam:  No competent proof proffered.

---

[6] *See* Doc. 5 at 6-13; Doc. 8-2.

Radiology Report from January 30, 2014 Exam:  No competent proof proffered.

Radiology Report from December 1, 2014 Exam:  No competent proof proffered.

History & Physical from December 2, 2015 visit:  No competent proof proffered.

Progress Note from January 27, 2016 visit:  No competent proof proffered.

History & Physical from February 1, 2016:  Perrin scheduled for injection of local anesthetic in L5 lumbar disc.  No competent proof proffered.

Operative Report dated April 19, 2016:  Perrin underwent injection of local anesthetic without complications.  No competent proof proffered.

Progress Note from February 9, 2017 visit:  Doctor's plan advised continued anesthetic injections, stretching, conditioning, and if pain becomes unbearable, then a lumbar fusion would be required.  No competent proof proffered.

### 4. Discovery deposition of Dr. Lee taken December 8, 2016.

Dr. Lee surmised "an ongoing exercise program and periodic epidural injections will be what's in the future for [Perrin], in addition to [ ] oral medications," when directly asked about the most probable course of treatment. In contrast, he also stated she would ostensibly need surgical intervention at some point in the future in the form of a fusion at the L4-5 disc.  He further speculated the cost of the entire procedure, including post-surgical related expenses, would amount to at least $175,000.00.  Nevertheless, Dr. Lee's statements fail as "competent proof." *See McMillian*, 567 F.3d at 845 (failure to demonstrate documentary evidence *showing necessity* for future medical treatment for injuries *or* submission of factual examples of post-accident experience or cases where jury awarded pain and suffering damages in amount satisfying jurisdictional requirement precludes meeting amount in controversy requirement); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (when plaintiff does

not want to be in federal court and provides scarce information about value of claim, good-faith estimate is acceptable *only* if plausible *and* supported by preponderance of the evidence).

Perrin's proffered evidence failed to demonstrate with "competent proof" that defendants were put on notice that claims would surpass the $75,000.00 amount in controversy requirement. Based on the pleadings, defendants did not have knowledge of an increase in claimed damages surpassing the jurisdictional requirement until receipt of the January 31, 2017 letter conveying a demand of $350,000.00; and, within 30-days upon receipt of the new demand—defendants filed a notice of removal in compliance with § 1446.

## 2.  Evidence of "Bad Faith"

"If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, *that finding shall be deemed bad faith* … ."  § 1446(c)(3)(B).

Considering the facts, claims, and evidence presented, the Court finds that Perrin engaged in "bad faith" to prevent removal, by deliberately failing to disclose an amount in controversy in excess of the jurisdictional requirement within the 1-year timeframe following the commencement of the action.  The Court's decision is chiefly grounded in the fact that no information regarding increased damages

surpassing the $75,000.00 mark was communicated to defendants between March 12, 2015 and March 12, 2016.

## IV. CONCLUSION

The convoluted medical records provided to defendants, *as well as* the failure to supplement interrogatory responses,[7][8] satisfy the "bad faith" exception pursuant to 28 U.S.C. § 1446(c)(1). Based on the foregoing, Plaintiff's Motion to Remand (Doc. 5) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 13th day July, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.07.13 12:14:22 -05'00'

**UNITED STATES DISTRICT JUDGE**

---

[7] *See* ILSC S. Ct. Rule 213(i) (party has duty to seasonably supplement or amend any prior answer or response whenever new or additional information subsequently becomes known to that party).

[8] The Court notes that Perrin's Answers to Defendant's First Set of Interrogatories were served on defendants August 31, 2015, 19-days after her initial claim was filed in state court. Perrin seemingly ignored Rule 213(i) while continuing to receive medical treatment and diagnosis; effectively concealing the full extent of injuries and likelihood of a surgical option until the possibility was revealed during Dr. Lee's deposition testimony on December 8, 2016—which still surpasses the one-year removal time limit pursuant to § 1446.