IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONI PERRIN,

    Plaintiff,

v.                                    No. 17-cv-201-DRH-SCW

DILLARD'S, INC. & DILLARD'S
STORE SERVICES, INC.

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is defendants' Dillard's, Inc. and Dillard's Store Services, Inc. (collectively "defendants" or "Dillard's") Motion for Summary Judgment (doc. 21), asking the Court to dismiss plaintiff's claims due to failure to present proper evidence of either actual or constructive notice in her premises liability lawsuit. Plaintiff opposes the motion, claiming that a genuine issue of material fact exists as to how long the foreign substance was on the floor prior to her fall (doc. 26). Based on the following, the Motion for Summary Judgment is **DENIED**.

### I. BACKGROUND

**A. Complaint**

Plaintiff was shopping in defendants' store on December 29th, 2013 when she slipped and fell on bodily fluid "reasonably believed to have been vomitus[.]" Doc. 1-1, ¶ 6. Plaintiff states the fluid was deposited in the common area of the store. *Id*. As a result of her fall, plaintiff alleges numerous injuries including

ailments to her "back, right leg, buttocks, right knee, right hip, right hand, and [that] the bones, joints, muscles, tendons, tissues, nerves, membranes, ligaments, and parts thereof were seriously bruised, contused, sprained, strained, and made painful." *Id*. at ¶ 9. Plaintiff additionally claims that she "suffered fractures to her left shoulder and left arm, and that said injuries are serious, painful and disabling and will continue to be so in the future." *Id*.

As a result of the slipping incident, plaintiff brings claims sounding in premises liability against defendants.

## B. Defendants' Motion for Summary Judgment

In response to plaintiff's Complaint, defendants filed their Motion for Summary Judgment (doc. 21), alleging that summary judgment is proper as plaintiff failed to provide evidence that either actual or constructive notice existed of the vomitus substance. As defendants explain, under Illinois law, liability can be imposed "when a business' invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e. the business had constructive notice of the substance." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). The parties are in agreement that there is no evidence of actual notice, so the arguments center on whether plaintiff has

satisfied her burden to demonstrate constructive notice of the foreign substance which caused her fall.

In her response (doc. 26), plaintiff contends she has met her burden to demonstrate constructive knowledge of the alleged vomitus by providing evidence that that the fluid had been on the floor longer than thirty minutes. Doc. 26 at 3. Plaintiff argues that the area where she fell was a "common area staffed with employees, patrolled by security and constantly watched by a surveillance crew[.]" *Id.* at 6. Additionally, plaintiff states she had been inside the store for approximately thirty minutes, consistently shopping near where she fell, before the incident occurred. *Id*. at 2. Plaintiff asserts the foreign substance formed a pool on the ground approximately 3' x 3' and as such, she would have heard someone vomiting with such force or violence as to have created the large amount of vomitus had it happened while she was in the area. *Id*. at 2-3. Plaintiff believes these allegations provide enough evidence to allow the trier of fact to conclude that defendants should have known of the dangerous situation, i.e., the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *Id*. at doc. 4.

## II. STANDARD OF LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A court must construe the pleadings and other evidentiary material in the record in the light most favorable to the non-

moving party. *Goelzer v. Sheboygan Cty.*, 604 F.3d 987, 992 (7th Cir. 2010). However, the non-moving party must present competent evidence in the face of the motion's charges to successfully overcome the motion. *Vukadinovich v. Board of Sch. Tr. of North Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir.2002).

### III. ANALYSIS

Under Illinois law, to prove a premises liability claim, a plaintiff must demonstrate that a defendant had actual or constructive knowledge of the dangerous situation: "Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that the business had actual or constructive notice of the dangerous condition that caused the fall." *Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001). Constructive notice, at issue here, occurs when the foreign substance was on the floor a sufficient length of time, such that, in the exercise of ordinary care, its presence should have been discovered. *Zuppardi*, 770 F.3d at 649; *see also Torrez v. TFI Friday's, Inc.* 509 F.3d 808, 811 (7th Cir. 2007) (regarding constructive notice, it is of "critical importance [that the] substance was there a length of time so that in the exercise of ordinary care its presence should have been discovered") (internal quotations omitted).

According to defendants, plaintiff has failed to satisfy her burden of proving they had constructive notice of the alleged vomitus by failing to present any evidence demonstrating the length of time the fluid was on the floor prior to her fall. *See* doc. 22 at 3; 5. As such, defendants believe they are entitled to

summary judgment because plaintiff cannot establish an element of her cause of action. *Young v. Wal-Mart Stores, Inc.* 2016 WL 7507780 at *3 (C.D. Ill., 2016). The Court disagrees. Under Illinois law, there is no one overarching rule in slip and fall cases which establishes a concrete time frame from time of a spill that would mandate the start of a store's duty to inspect and clean. *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603 (7th Cir. 2001). Here, defendant doesn't truly argue that plaintiff presents no timing evidence *(see* defendants' reply brief, doc. 27 at 5, "Plaintiff wants this Court to infer that the substance had been on the floor for more than 30 minutes simply because she never heard or saw anyone getting sick during the 30 minutes she was present"; *id.* at 6, arguing that timing evidence presented can only demonstrate that the foreign substance was on the floor for a period of 5 minutes or less*)*, rather, defendant's argument is that plaintiff has not presented *enough* evidence to prove with particularity the length of time the alleged vomitus was on the floor prior to her fall. While similar in nature, the arguments create different implications.

When, as here, there is no <u>direct</u> evidence of how long a foreign substance had been on the floor, the inquiry becomes one for the fact finder at trial; the fact finder must answer the question of how long a foreign substance needs to be on the floor to provide constructive notice of its presence. *See id.* at 605 (in discussing how long a substance must be present before implicating constructive notice of the condition, the court ruled, "[t]hat is a matter to be explored at trial[.]"). If plaintiff is believed, her evidence may demonstrate that the vomitus

5

had been on the floor for at least thirty minutes, as she stayed shopping in the vicinity she fell for this period of time and did not hear anyone become sick. *See* plaintiff depo., Ex. D to doc. 26 at p. 15. Plaintiff argues that within this potential time frame and the fact that defendants' employees should have been working the area, constructive knowledge of the condition must be imputed on defendants. Doc. 26 at 5-6. On the other hand, defendants advance that the only valid evidence regarding the length of time the substance was on the floor is "less than 5 minutes." Doc. 27 at 6. Defendants arrive at that timeframe by using the time between the fall in the alleged vomitus by another customer, Corrine Schwarz, and the fall by plaintiff. *Id*. Defendants contend that "less than 5 minutes" is insufficient to satisfy the requirements of constructive notice.

In this case, there is a clear dispute of fact regarding how long the foreign substance must have been on the floor to provide constructive notice of its presence, as there is no direct evidence of how long the substance was on the floor prior to plaintiff's fall. This inquiry is multifaceted and many factors may be taken into consideration to make this determination. *See Peterson*, 241 F. 3d at 604-05 (discussing that no "flat rule" of law exists for a certain amount of time to pass from a spill to implicate a store's duty to inspect because of the different characteristics unique to each store and setting, e.g. number of customers per square foot and whether the store is "self-service."). Because a genuine dispute of a material fact exists as to the length of time the foreign substance was present,

summary judgment is not appropriate. The above dispute should be certified to the jury to determine.

Accordingly, Defendant's Motion for Summary Judgment (doc. 21) is **DENIED.**

**IT IS SO ORDERED.**

Judge Herndon
2018.06.21
05:46:50 -05'00'

**United States District Judge**