# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONI PERRIN,

    Plaintiff,

v.

DILLARD'S INC. and DILLARD'S STORE SERVICES, INC.,

    Defendants.

Case No. 3:17-cv-00201-JPG-SCW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    This is a hotheaded slip-and-fall case here on a theory of diversity jurisdiction. The case originally lived in state court—and even proceeded beyond the summary judgment stage—but the defendants properly removed the case to this Court on the eve of a bench trial when they discovered that Plaintiff Toni Perrin concealed the true amount-in-controversy of the case in bad faith. (*See generally* ECF No. 11; 28 U.S.C. § 1446(c)(1).) The defendants also filed a jury demand along with their notice of removal—even though they never requested a jury in state court, and Illinois requires the parties to do in order to preserve their right to a jury trial. 735 ILCS 5/2-1105. Now, Perrin has filed a motion to strike the defendants' jury demand, arguing that they waived their right to trial by jury by never requesting one during the state court proceedings. (ECF No. 33.) The defendants, however, believe that their jury demand was timely under Federal Rule of Civil Procedure 81(c)(3).

    As several other courts have stated—perhaps too nicely—Rule 81 is "poorly crafted." *Kay Beer Distrib., Inc. v. Energy Brands, Inc.*, No. 07-C-1068, 2009 WL 1705746, at *2 (E.D. Wis. June 12, 2009) (quoting *Cross v. Monumental Life Ins. Co.*, 2008 WL 2705134, *1 (D.Ariz. July 8, 2008)). Rule 81(c) reads:

1

(c) Removed Actions.

    (1) *Applicability.* These rules apply to a civil action after it is removed from a state court.

    […]

    (3) *Demand for a Jury Trial.*

        (A) *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

        (B) *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:

            (i) it files a notice of removal; or

The plain text of the rule explicitly covers a few scenarios, but unfortunately, this is not one of them. First, Rule 81(c)(3)(A) only applies to situations where (1) a party already filed a jury demand in state court, or (2) where the state does not require a written jury demand at all. Neither situation exists here because Illinois requires a defendant to file their written jury demand along with their answer, yet the defendants never did so. 735 ILCS 5/2-1105.

Since subsection (A) does not apply here, a reasonable person would expect subsection (B) to fill in the gaps. But it does not. Subsection (B) says that a party entitled to a jury trial under *Rule 38* is entitled to one if the party serves a demand within 14 days after it files a notice of removal. Here, the defendants filed their demand at the same time that they removed the case—meeting the 14-day requirement—but the text of 81(c)(3)(B) also instructs that the

defendants must be entitled to a jury trial under Rule 38. And Rule 38 says that in order to preserve a right to a jury trial, a party must have "(1) serv[ed] the other parties with a written demand…no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b). In this case, the last pleading was the defendants' answer—which they filed in state court long before the notice of removal. Does this mean that every party in state court that anticipates a potential removal to federal court should file a written jury demand to the state court within 14 days of the last pleading, even if that state does not require a written demand at all? Such a result would be bizarre, and unfortunately, the Seventh Circuit has not had the chance to weigh in on this yet.

Thankfully, the Court can resolve the plaintiff's motion without taking a defibrillator to Rule 81(c)(3)(B). In the defendants' response to Perrin's motion to strike, they mentioned Federal Rule of Civil Procedure 39. That rule allows the Court, in its broad discretion, to order a jury trial—even when the demand is late—upon consideration of five factors: "(1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of delay; and (5) the reason for the movant's tardiness in demanding a jury trial." *Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 271 (N.D. Ill. 1994); *see also Members v. Paige,* 140 F.3d 699, 703 (7th Cir. 1998) ("[A]pplications under Rule 39(b) should be entertained with an open mind, just as district judges entertain motions to amend the complaint after the power to do so as of right has expired.")

Here, all of the factors weigh in favor of permitting the defendants' jury demand to stick, regardless of its timing. First, judging from this Court's extensive experience, the factual discrepancies surrounding a run-of-the-mill slip and fall case like this are best resolved by a jury.

3

Second, this trial commences over three months from now, giving the plaintiff plenty of time to prepare for a jury trial instead of a bench trial—decreasing any risk of prejudice. Third, the plaintiff has been on notice of the jury demand since February 2017—nearly two years before this trial is set to begin—decreasing the risk of prejudice to the plaintiff even more. And fourth—and perhaps most importantly—this Court has already ruled that the plaintiff engaged in bad faith in the state-court proceedings, mucking up this entire process and making the defendants' late demands more excusable.

Accordingly, the Court will permit the defendants' jury demand to stand pursuant to Federal Rule of Civil Procedure 39. Since the defendants did not invoke Rule 39 until their response to Perrin's motion to strike, however, the Court will allow Perrin to file a response objecting to this decision by **November 7, 2018**—if she so chooses.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Perrin's motion to strike the defendants' jury demand. (ECF No. 33.)

**IT IS SO ORDERED.**

**DATED: OCTOBER 24, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
