UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONI PERRIN,

    Plaintiff,

v.

DILLARD'S INC. and DILLARD'S STORE SERVICES, INC.,

    Defendants.

Case No. 3:17-cv-00201-JPG-MAB

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Toni Perrin has filed a response to this Court's order denying the plaintiff's motion to strike the defendants' jury demand. (ECF No. 43.) In the Court's prior order, it found that pursuant to Federal Rule of Civil Procedure 39(b), the defendants' jury demand should stand because:

> First, judging from this Court's extensive experience, the factual discrepancies surrounding a run-of-the-mill slip and fall case like this are best resolved by a jury. Second, this trial commences over three months from now, giving the plaintiff plenty of time to prepare for a jury trial instead of a bench trial—decreasing any risk of prejudice. Third, the plaintiff has been on notice of the jury demand since February 2017—nearly two years before this trial is set to begin—decreasing the risk of prejudice to the plaintiff even more. And fourth—and perhaps most importantly—this Court has already ruled that the plaintiff engaged in bad faith in the state-court proceedings, mucking up this entire process and making the defendants' late demands more excusable.

(ECF No. 43, pp. 3–4.) The Court allowed Perrin to file a response objecting to the order, however, because the defendants did not invoke Rule 39 until their response to Perrin's motion to strike.

So now, Perrin argues that the Rule 39 invocation should fail for a few reasons. First, she claims that the "defendants failed to explain why they waited nearly two (2) years before

1

attempting a jury demand." (ECF No. 43, p. 1.) But that argument ignores the fact that this Court has already ruled that the plaintiff engaged in bad faith in the state-court proceedings, and that the defendants made their jury demand shortly after they discovered that bad faith. Second, Perrin argues that an unpublished order from the District of Maine—*Robson v. Capitol Pizza Huts, Inc.,* No. 1:12-CV-100-GZS (D. Me. September 17, 2012)—provides a better approach than the published cases in the Seventh Circuit that this Court previously adhered to when finding whether a party engaged in excusable neglect before filing a late jury demand. *See Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 271 (N.D. Ill. 1994); *see also Members v. Paige,* 140 F.3d 699, 703 (7th Cir. 1998). But *Robson* has zero precedential value in this Court, and it is quite clear from the history of this case—which this Court outlined in its prior order—that the plaintiff's bad faith excuses the defendants' late jury demand.

Finally, Perrin argues that the "state court orders assigning this to a nonjury setting should be afforded deference and comity," and "the simple act of removal should not let the defendants 'muck up' a case that was positioned for trial by a judge [in state court]." But these arguments again ignore the fact that this Court has already found that the plaintiff acted in bad faith in hiding the true amount-in-controversy, and once the defendants discovered that, they promptly removed this case to federal court and demanded a trial by jury. The Court's previous order will stand, and a trial by jury here is proper pursuant to Federal Rule of Civil Procedure 39.

**IT IS SO ORDERED.**

**DATED: JANUARY 3, 2019**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
